## FELLBAUM v. MITCHELL. (No. 7414.)*

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1925. Rehearing Denied Nov. 18, 1925.)

Attorney and client ⬤⟞129(1)—Attorney contracting with plaintiff to prosecute separate suits for her and others could be sued for breach by plaintiff without joining other parties.

Where attorney agreed with plaintiff to prosecute four separate suits for plaintiff and on behalf of three other parties, and accepted compensation from plaintiff therefor, the attorney was bound to plaintiff to perform the services agreed upon, and plaintiff could sue for breach of such contract alone without joining other parties or showing express authority or assignment or otherwise to maintain action in their behalf.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Mary Mitchell against Ernest Fellbaum. Judgment for plaintiff, and defendant appeals. Affirmed.

Kennon & Kennon, of San Antonio, for appellant.

Robt. P. Coon, of San Antonio, for appellee.

SMITH, J. The record shows that appellee, Mary Mitchell, employed appellant to institute and prosecute separate suits for herself and three others, for which services she paid him the sum of $400 in cash, the amount agreed upon between them. This suit was subsequently brought by Miss Mitchell against appellant, setting up the contract and complaining that the appellant wholly failed to perform the promised services. The cause was submitted to a jury upon the general issue, and a verdict was returned in favor of appellee against appellant for $400, with interest from the date of the contract, as prayed for.

It was alleged by appellee in the court below that in consideration of the cash fee paid him appellant promised appellee to file and prosecute to judgment "four certain suits for this plaintiff and for her as agent for Mr. and Mrs. Elliott, Mr. Bullock, Mrs. Lavelle, and this plaintiff, Mary Mitchell," and upon the trial appellee testified that she paid appellant the amount by check out of her own funds, and that the four suits were to be filed and prosecuted separately in the name and in behalf of herself and the three other parties, respectively.

[1] Appellant contends here, for the first time in the progress of the litigation, that Miss Mitchell had no right of action upon the breach of the obligation assumed by appellant to file and prosecute the suits in behalf of Elliott, Bullock, and Lavelle; that she was acting merely as the agent of those parties, and without express authority by assignment or otherwise could not maintain this action in their behalf, wherefore there is a nonjoinder of parties and misjoinder of causes of action apparent of record, requiring the abatement of the suit. We overrule this contention. The contract was made between appellant and appellee in person. The latter paid the consideration for the agreement, with her own money, and the promise to perform the services agreed upon was made directly to her by appellant. If, instead of paying the amount of the fee in cash, appellee had executed her promissory note therefor, appellant's right of action for specific performance would have been against appellee alone, and not against her principals. The obligations of the two were reciprocal, and appellant having bound himself to appellee to perform the services agreed upon, the right of action was in the latter to exact that performance of him. Mechem, Agcy. § 2024.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 20, 1926.

These matters are presented in appellant's first, second, third, fourth, and fifth propositions of law, which are overruled.

It is contended in appellant's sixth and last proposition that, although appellee recovered the entire sum paid him, the undisputed evidence shows a part performance of the contract and a readiness on the part of appellant to complete that performance. We have reached the conclusion, however, after some hesitation, that the evidence was such as to warrant the general verdict for appellee, and we overrule the sixth proposition.

The judgment is affirmed.